UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DERRICK WATKINS,

        Petitioner,

v.

        Case No. 23-cv-1563-pp

CHRISTOPHER STEVENS, *et al.*,

        Respondents.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT MOTION FOR AUTHORIZATION TO PAY FILING FEE FROM INMATE RELEASE ACCOUNT (DKT. NO. 9) AND SCREENING *HABEAS* PETITION (DKT. NO. 1)**

On November 20, 2023, the court received from the petitioner (who is incarcerated at Green Bay Correctional Institution and is representing himself) a petition for writ of *habeas corpus* under 28 U.S.C. §2254. Dkt. No. 1. The petition challenges the February 2022 revocation of the petitioner's extended supervision (the petitioner's term of extended supervision stemmed from the Washington County Court May 2013 decision to revoke the petitioner's term of probation, which the petitioner received after his conviction for armed robbery with threat of force in November 2012). State v. Watkins, Case No. 2011CF400 (Washington County Circuit Court), available at https://wcca.wicourts.gov/. With his petition, the petitioner filed a motion to proceed without prepaying the $5 filing fee, dkt. no. 2, and a copy of his certified trust account statement, dkt. no. 7.

1

This order screens the petition under Rule 4 of the Rules Governing §2254 Cases, grants the motion to proceed without prepaying the filing fee, dkt. no. 2, and orders the respondent to file a responsive pleading.

I. **Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

There is a $5 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner asks the court to allow him to proceed without prepaying that fee. Dkt. No. 2. The request states that the petitioner has no assets—no bank account, no retirement account, no investments, no real estate, and no valuable other assets. Id. at 2. The petitioner's trust account statement showed that as of December 1, 2023, he had an end balance of $0.00 with an average monthly balance of $0.06. Dkt. No. 7. The court will grant the petitioner's motion to proceed without prepaying the filing fee. On February 1, 2024, the court received from the petitioner a motion requesting that the court authorize payment of the *habeas* filing fee from his inmate release account. Dkt. No. 9. Because the court is granting the petitioner's motion to proceed without prepaying the filing fee, it will deny as moot his motion to pay the fee from his inmate release account.

II. **Rule 4 Screening**

A. Petition

According to the petition, "on or about" June 13, 2021, "[a] decision to revoke [the petitioner's] extended supervision . . . was made . . . in case no. 11CF400." Dkt. No. 1 at 2. "On or about" February 2, 2022, a final revocation hearing was finally held in . . . case no. 11CF400, in front of ALJ Mayumi

2

Ishii." Id. On February 3, 2022, the petitioner "received a written letter of revocation of extended supervision from ALJ Mayumi Ishii." Id. at 3. The following day—February 4, 2022—the petitioner "filed an appeal in accordance with administrative code HA § 2.05, and sent copies of the appeal to all parties of interest." Id. Three weeks later, on February 25, 2022, the petitioner "wrote a follow up letter addressed to Brian Hayes, Administrator of DHA [Division of Hearings and Appeals], for status on his appeal, in accordance with the 21 days written response HA 2.05 requirement of DHA." Id. On March 22, 2022, the petitioner "received a written letter from Brian Hayes . . . affirming the revocation of case no: 11CF400." Id. That same day, the petitioner filed in Washington County Circuit Court a petition for writ of *certiorari* challenging the ALJ's February 2022 decision to revoke his extended supervision in case no. 11CF400. Id.

The petitioner outlines in his §2254 petition before this court the grounds that he purportedly provided in his petition for writ of *certiorari* in Washington County Circuit Court. Dkt. No. 1 at 3. He asserts that he presented an ineffective assistance of counsel claim relating to his representation during the November 2021 revocation proceedings. Id. at 3-4. He claims to have argued that when he presented concerns about his counsel's representation during his revocation proceedings and requested new counsel, the ALJ who was presiding over his revocation proceedings "tried to deprive [him] of this right to counsel by saying 'You have 2 options, either proceed with [your attorney] or represent yourself pro se.'" Id. at 5. He says that "on or

3

about" January 20, 2022, the ALJ "changed her mind," and gave him new counsel, but because the final revocation hearing was scheduled for February 2, 2022, his new counsel had "no time to gather evidence and witnesses to prove [his] innocence." Id. at 5-6. He adds that his new counsel "was not given a chance to cross examine the detectives on the lack of evidence, inconsistencies of the case, or the admission statement as a result of duress and coercion." Id. at 6. He asserts that on February 2, 2022, the final revocation hearing was held, and that on February 3, 2022, he received notice that the ALJ had revoked his extended supervision. Id. at 3, 6.

The petitioner's §2254 *habeas* petition presents roughly five grounds for relief. First, he argues that the State of Wisconsin Division of Hearings and Appeals "violated its own time provisions and requirements [regarding] when a final revocation hearing must begin, which is 50 days once a decision is made to revoke." Dkt. No. 1 at 6. He asserts that "[n]o extensions were filed by counsel or ALJ, or probation + parole agent[,]" and "[a] hearing didn't begin under 10-10-21 from confinement date of 4-3-2021 and 6-8-2021." Id. Second, the petitioner argues that his initial attorney during the revocation proceedings "was ineffective in rendering his client adequate legal assistance under the 6th Amendment thus violating [the petitioner's] 14th Amendment [right to] due process of law." Id. Third, the petitioner argues that his "substantive rights were violated by ALJ when she held [him] accountable for his counsels lack of assistance and then tried forcing [the petitioner] to proceed anyway with the ineffective assistance, and developed a personal dislike towards [the petitioner]

4

and acted on it." Id. Fourth, the petitioner asserts that "Administrator Brian Hayes violated the 21 day calendar written decision, and the time requirement extension of 45 days total for a written decision, or letter of extension which neither was done as required under Administrative code HA 2.05." Id. at 7. He claims that he appealed the ALJ's decision to revoke him on February 4, 2022 "and no response was given until 3-22-22." Id. Finally, the petitioner asserts that "[w]hen revocation was sought, a recommendation of 4 yrs 1 mo 23 days was asked for the alleged assault[,]" and "[t]he homicide bumped the recommendation up to 6yrs 1 mo 23 days[.]" Id. But the petitioner asserts, "the revocation order was only for the assault," and although he "was not revoked on the homicide charges[,] . . . the time was not readjusted back to 4yrs 1mo 23days." Id.

For relief, the petitioner asks that "he be allowed a new revocation hearing where he can present evidence of his innocence of the allegations, and or adjust revocation time back to 4 yrs 1 mo 23 days for the allegation in which he was unlawfully revoked." Dkt. No. 1 at 7. The petitioner attached to his petition what appears to be a return from a public records request dated July 12, 2023. Dkt. No. 1-1. The document reflects that the petitioner requested from the Public Records Division of the Milwaukee County Sheriff's Office the following records:

- "The document or log with the original date the disc was originally placed in property and the quantity of disc."
- "Log sheets of legal visits"

5

- "additionally requests mail records of sent letters"

Id. at 1. Following the petitioner's open records request return there is a document that appears to be the petitioner's "log sheets of legal visits," on which the petitioner's initial and subsequent revocation hearing counsels' names are circled. Id. at 2-3. Also attached is a copy of the March 18, 2022 revocation order from the Division of Hearings and Appeals, signed by Administrator Brian Hayes, indicating that the petitioner's extended-supervision status in Case No. "11CF400" was revoked, and that the petitioner was to serve a period of "reincarceration/reconfinement" of "6 Yrs 1 Mos 23 Days." Id. at 4.

B.  Standard

A federal court must "screen" a *habeas* petition before allowing it to proceed. Rule 4 of the Rules Governing §2254 proceedings provides:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

A court allows a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). If the state court denied the

petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §2254(d).

The court also considers whether the petitioner filed within the limitation period, exhausted his state court remedies, and avoided procedural default. Generally, a state prisoner must file his *habeas* petition within one year of the judgment becoming final. 28 U.S.C. §2254(d)(1)(A). In addition, the state prisoner must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). If the district court discovers that the petitioner has included an unexhausted claim, the petitioner either must return to state court to exhaust the claim or amend his petition to present only exhausted claims. Rose v. Lundy, 455 U.S. 509, 510 (1982).

Finally, even if a petitioner has exhausted a claim, the district court may still be barred from considering it if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

C. Analysis

The petitioner does not appear to have exhausted his state-court remedies for his challenge to the February 2022 revocation of his extended supervision. He appears to concede as much in his §2254 *habeas* petition. He claims that on March 22, 2022, he filed a petition for writ of *certiorari* to the Washington County Circuit Court, appealing the Division of Hearings and Appeals' decision to affirm revocation of his extended supervision in Washington County Circuit Court Case No. 11CF400. Dkt. No. 1 at 3. But he says that, "as of 11-14-23"—nearly twenty months after he purportedly filed the petition—"there has been no acknowledgment or response to the writ." Id. at 7.

The federal *habeas* petition refers to State v. Watkins, Case No. 2011CF400 (Washington County Circuit Court). The court has reviewed the publicly available docket in that case, available at https://wcca.wicourts.gov/. While it reflects that on March 31, 2022, the petitioner was "Revoked – sentenced to prison," there is nothing on the docket showing that the defendant ever filed a petition for writ of *certiorari* with the Washington County Circuit Court. Id. The state-court docket does reflect, however, that the court received *letters* from the petitioner on February 18, 2022 (three days before his extended supervision was revoked); April 25, 2022; August 12, 2022; and August 17, 2023—though it does not detail the substance of those letters. Id. The docket also reflects that the court received a "Motion to Reinstate Writ of Certiorari Appeal" on April 10, 2024, and that the court issued an order a week

8

later "re: Motion to Reinstate Writ of Certiorari Appeal," and sent a copy to the petitioner. Id. As stated above, there is nothing the docket showing that the petitioner ever filed a writ of *certiorari* appeal in the first instance.

The petitioner says that he filed a petition for writ of *certiorari* in circuit court back in March 2022, and complains that as of November 14, 2023 he had yet to hear anything on the status of the petition. Because there are no state-court records relating to the petitioner's purported petition for writ of *certiorari* to the Washington County Circuit Court, this court cannot determine whether the petitioner filed such a petition. If he did, the court has no proof that the circuit court, the Court of Appeals or the Wisconsin Supreme Court considered and ruled on any of the grounds for relief which the petitioner now presents to this court in his §2254 petition.

The exhaustion doctrine requires that a person incarcerated as the result of a state sentence "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). That means that to exhaust his remedies, the petitioner must have raised every one of the issues he raises in this federal *habeas* petition in a filing with the Washington County Circuit Court and, if he loses there, in his direct appeal to the Wisconsin Court of Appeals and his petition for review to the Wisconsin Supreme Court. The court has no orders from those courts showing that the petitioner did this, so the court cannot determine whether the petitioner exhausted his remedies.

9

That said, failure to exhaust state remedies is an affirmative defense, which the respondent bears the burden to prove. Although the court has concerns that the petitioner has not exhausted his remedies, it would be premature for the court to resolve the exhaustion issue in this screening order. The court will require the respondent to respond to the petition.

### III. Conclusion

The court **GRANTS** the petitioner's motion to proceed without prepaying the $5 filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the petitioner's motion for authorization to pay the filing fee using his inmate release account. Dkt. No. 9.

The court **ORDERS** that the petitioner may proceed on the grounds described in his *habeas* petition.

The court **ORDERS** that within sixty days of the date of this order, the respondent must answer or otherwise respond to the petition, complying with Rule 5 of the Rules Governing §2254 Cases, and showing cause, if any, why the writ should not issue.

The court **ORDERS** that the parties must comply with the following schedule for filing briefs on the merits of the petitioner's claims:

(1) the petitioner has forty-five days after the respondent files the answer to file a brief in support of his petition;

(2) the respondent has forty-five days after the petitioner files his initial brief to file a brief in opposition;

(3) the petitioner has thirty days after the respondent files the opposition brief to file a reply brief, if he chooses to file such a brief.

If, instead of filing an answer, the respondent files a dispositive motion:

(1) the respondent must include a brief and other relevant materials in support of the motion;

(2) the petitioner then must file a brief in opposition to that motion within forty-five days of the date the respondent files the motion;

(3) the respondent has thirty days after the petitioner files his opposition brief to file a reply brief, if the respondent chooses to file such a brief.

The parties must submit their pleadings in time for the court to *receive* them by the stated deadlines.

Under Civil Local Rule 7(f), briefs in support of or in opposition to the *habeas* petition and any dispositive motions shall not exceed thirty pages, and reply briefs may not exceed fifteen pages—not counting any statements of fact, exhibits and affidavits. The court asks the parties to double-space any typed documents.

Under the Memorandum of Understanding between the Wisconsin Department of Justice (DOJ) and the U.S. District Court for the Eastern District of Wisconsin, the court will notify the DOJ (through the Criminal Appeals Unit Director and lead secretary) of this order via Notice of Electronic Filing (NEF). The DOJ will inform the court within twenty-one days of the date of the NEF whether it will accept service on behalf of the respondent (and, if not, the reason for not accepting service and the last known address of the

respondent). The DOJ will provide the pleadings to the respondent on whose behalf it has agreed to accept service of process.

Dated in Milwaukee, Wisconsin this 20th day of May, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**